# VILLAR & COMPANY
### v.
# NEW YORK & PORTO RICO STEAMSHIP COMPANY.

## J. OCHOA HERMANOS
### v.
## SAME.

## SUCCESSORS OF M. LOMBA & COMPANY
### v.
## SAME.

ACTION ON THE CASE—DEMURRER TO DECLARATION.

1. An action on the case lies against a common carrier or a warehouseman for a violation of the duty imposed by a contract express or implied; and in such a case it is proper to set forth the contract as an inducement and basis for the tort.
2. In such a case negligence may be charged in general terms.

November 16, 1901.

*Messrs. F. H. Dexter* and *Horton & Cornwell* for plaintiffs.

*Messrs. Pettingill & Keedy* for defendant.

*Pleading—general allegations as to negligence.* The authorities dealing with the sufficiency of general allegations of negligence are fully presented and discussed in editorial note to King v. Oregon Short Line R. Co. 59 L. R. A. 209.

Villar & Co. v. New York & P. R. S. Co.

HOLT, Judge, delivered the following opinion:

The declarations in the first two cases have two counts; one against the defendant as a common carrier, for failing to safely carry goods, and the other against it as a warehouseman, for their negligent keeping. The declaration in the last-named case contains but one count, and seeks to charge the defendant as a warehouseman, for the negligent keeping of the goods.

The defendant objects by demurrer to the declarations in the first two cases upon the ground that contract and tort are united in the same action, and, secondly, that the acts constituting the alleged negligence are not set forth. In the last case it objects by demurrer to the declaration on the ground last named. These are actions of trespass on the case, or actions on the case, and may be based upon a contract, and proceed for the negligence or wrong of the party in connection therewith.

Assumpsit will lie for a breach of the contract, and case will lie for a violation of the duty imposed by the contract. The suits may be for a tort growing out of the breach of the contract, either expressed or implied, and in such cases it is proper to set forth the contract as a basis for the tort. For instance, a common carrier, or a warehouseman, undertakes by contract, either express or implied, to perform its duty. In such a case it is proper to state the contract to show the origin of the duty. It is set out by way of inducement to the duty.

In these cases the declarations and each count thereof properly set forth the contract by way of inducement to the duty, but they and each count thereof are in form of tort.

In cases like these, negligence need be charged only in general terms. The facts constituting it need not be detailed. This would be setting forth the evidence in the pleadings. The demurrer in each case is overruled.